### BLAKELY v. MIAMI CITY COMMISSIONERS.

Circuit Court, Dade County.
January 12, 1951.

‑ Aronovitz & Aronovitz, Miami, for plaintiff.

Commissioners William W. Charles and Perrine Palmer, Jr., Miami, in propria personae.

Helliwell & Clark, Miami, for Commissioner William Wolfarth.

VINCENT C. GIBLIN, Circuit Judge.

This cause was today heard on the joint motion of counsel for the plaintiff and counsel for the defendant commissioners who have answered the plaintiff's bill for the entry of a declaratory decree on the pleadings.

The defendant commissioner Louie Bandel, although served with process, did not answer or otherwise plead to the bill; and the factual allegations thereof are therefore taken as admitted by him.

The court has heard and considered the arguments of counsel.

By our state constitution, which was designed to provide a system of checks and balances, three distinct departments of government were established—the executive, the legislative, and the judicial. It was the intention of the framers of our organic law, and of the people by whom it was adopted, that there should not be a usurpation by any of such departments of the power or authority vested in any other department.

The court is asked here, it seems to me, to exercise a legislative function or to supply a deficiency in legislation without having been empowered by the constitution or by statute to do so.

By section 8 of article 8 of the state constitution the legislature is empowered "to establish, and to abolish, municipalities;

to provide for their government, to prescribe their jurisdiction and power; and to alter or amend the same at any time."

In the exercise of its constitutional power the legislature created, by legislative enactment, the city of Miami and provided its charter.

In the municipal charter it is provided that "a vacancy on the commission caused by death, resignation, or other causes shall be filled within ten days after such vacancy occurs by a majority of the remaining commissioners." There is no legislative provision, however, prescribing the time, method or manner of filling such a vacancy when and if, as is now the case, the remaining commissioners are equally divided and cannot agree on a successor. The court is powerless to compel by mandamus, or otherwise, any commissioner to abandon his personal views or judgment; and unfortunately, the legislature has not delegated to the judicial department the power or authority to require an election to be held for the purpose of having a commissioner chosen.

Attention is directed to section 12 of the city charter in which it is specifically provided that in the event a petition for the recall of a city commissioner should be certified as sufficient and the commission should fail or refuse to order an election, the election "may be ordered by any state court of general jurisdiction." In that section there is found legislative authority for the exercise of judicial power to order an election when in certain circumstances the commission refuses or fails to do so. Such power was exercised by the late Judge Atkinson in a recall case some years ago. The power was exercised, however, not by usurping legislative power but by exercising power expressly conferred on the court by the legislature.

In this case I find no constitutional or statutory power or authority granted to the court to order an election in the circumstances stated in the bill of complaint. The draftsmen of the governing municipal charter provisions should have foreseen the situation which now exists and should have provided in the charter for the manner and means by which the existing vacancy should be filled by election or otherwise. The court is not chargeable with the omission. Yet it is called on to legislate—to inject into the charter what is not there. This, I think, the court should not do and it will not be done unless the appellate court shall otherwise direct.

It is regrettable that the four commissioners cannot choose, by a majority vote, a fifth commissioner from among the many capable and honest citizens who undoubtedly would be willing to serve; and I should like to remedy the situation by judicial decree. I am not guided, however, by personal desire, but by the legal principles which I deem governing in the circumstances.

It is my opinion that section 165.13 of the Florida statutes does not confer either express or implied authority on the court to call, or to require the calling of, an election to fill the existing vacancy on the city commission. I do think, however, that the statute does confer on the city commission the power and authority to call and provide for the holding of a municipal election for the purpose of having the electors of the city fill the existing vacancy.

It is accordingly declared and decreed that the rights of the plaintiff and the duties of the defendants are as hereinabove set forth and that the plaintiff's prayer for affirmative and coercive relief be, and it is, denied.